Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
180 Newport Center Drive, Suite 260
Newport Beach, California 92660
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Judgment Creditor,
ASSURANCEFORENINGEN SKULD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TRANSPORTATION MANAGEMENT AND CONSULTING INC., ET AL,<br><br>Plaintiff,<br><br>v.<br><br>BLACK CRYSTAL COMPANY INC., ET AL,<br><br>Defendants. | Case No. CV-07-80256-MISC-MJJ<br><br>NOTICE OF MOTION AND MOTION OF JUDGMENT CREDITOR ASSURANCEFORENINGEN SKULD FOR ASSIGNMENT ORDER RE: RIGHTS TO PAYMENT OF MONEY DUE OR TO BECOME DUE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TIMOTHY CARL AIRES<br><br>[F.R.C.P., Rule 69; C.C.P. §708.510]<br><br>DATE:   January 8, 2008<br>TIME:    9:30 a.m.<br>CTRM:   11 |

PLEASE TAKE NOTICE that at 9:30 a.m. on January 8, 2008 in Courtroom 11 of this Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, the motion of Judgment Creditor Assuranceforeningen Skuld for an order assigning to Judgment Creditor Assuranceforeningen Skuld the interest, if any, of Judgment Debtor Patrick T. Hall in his rights to payment of money due or to become due generated through the use of California State Bar License No. 73786, including, without limitation, accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, and other rights to money, to the extent necessary to satisfy the judgment in full which, as of January 8, 2008, will be $31,748.00, will be brought on for hearing.

MOTION FOR ASSIGNMENT ORDER
1

1     The motion is made pursuant to Federal Rules of Civil Procedure, Rule 69 and Code
2 of Civil Procedure §708.510 et seq. on the grounds that: [1] On June 2, 2005, an order for
3 the payment of money was entered against Judgment Debtor Patrick T. Hall in favor of
4 Judgment Creditor Assuranceforeningen Skuld in the amount of $28,555.00 by the United
5 States District Court, Western District of Kentucky (the "Judgment"); [2] Post-judgment
6 interest of $3,154.00 will accrue from June 2, 2005 through January 8, 2008 [950 days] based
7 on the daily rate of $2.60 per day using the legal rate of 3.32% per annum; [3] Costs of
8 enforcement of $39.00 have been incurred; [4] As of January 8, 2008, the amount necessary
9 to satisfy the Judgment will be $31,748.00; [5] The Judgment is final and enforcement
10 thereof is not stayed; [6] No effort has been made to satisfy the Judgment by Judgment
11 Debtor Patrick T. Hall; [7] Rights to payment of money due or to become due generated
12 through the use of California State Bar License No. 73786 exist in favor of Judgment Debtor
13 Patrick T. Hall, including, without limitation, accounts receivable, general intangibles,
14 accounts, deposit accounts, royalties, fees, commissions, and other rights to money; [8] An
15 assignment order should issue.

17     The motion is based upon this notice of motion, the accompanying memorandum
18 of points and authorities, the accompanying declaration of Timothy Carl Aires, and any oral
19 argument of counsel as may be presented at the hearing on the motion.

21 DATED: November 13, 2007    AIRES LAW FIRM

By: _____
Timothy Carl Aires, Esq.
Attorney for Judgment Creditor,
ASSURANCEFORENINGEN SKULD

---

MOTION FOR ASSIGNMENT ORDER

2

MEMORANDUM OF POINTS AND AUTHORITIES

1.  STATEMENT OF FACTS

On June 2, 2005, an order for the payment of money was entered against Judgment Debtor Patrick T. Hall in favor of Judgment Creditor Assuranceforeningen Skuld in the amount of $28,555.00 by the United States District Court, Western District of Kentucky (the "Judgment"). Post-judgment interest of $3,154.00 will accrue from June 2, 2005 through January 8, 2008 [950 days] based on the daily rate of $2.60 per day using the legal rate of 3.32% per annum. Costs of enforcement of $39.00 have been incurred. As of January 8, 2008, the amount necessary to satisfy the Judgment will be $31,748.00. The Judgment is final and enforcement thereof is not stayed. No effort has been made to satisfy the Judgment by Judgment Debtor Patrick T. Hall. Rights to payment of money due or to become due generated through the use of California State Bar License No. 73786 exist in favor of Judgment Debtor Patrick T. Hall, including, without limitation, accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, and other rights to money. An assignment order should issue.

2.  DISCUSSION

(A)  THE COURT MAY ORDER THE ASSIGNMENT TO A JUDGMENT CREDITOR OF A JUDGMENT DEBTOR'S INTEREST IN ANY RIGHT TO PAYMENT OF MONEY.

(1)  An Assignment Order May Issue To Reach Any Form Of Property Of The Judgment Debtor Which Is Capable Of Assignment.

California Code of Civil Procedure §680.010 et seq., governing the enforcement of judgments, is applicable to this proceeding by virtue of Federal Rules of Civil Procedure, Rule 69.

California Code of Civil Procedure §708.510, governing assignment orders in aid of judgment enforcement, in part, provides:

> (a) Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor or to a receiver appointed pursuant to Article 7 (commencing with Section 708.610) all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments:
>
> (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order.
>
> (2) Rents.
>
> (3) Commissions.
>
> (4) Royalties.
>
> (5) Payments due from a patent or copyright.
>
> (6) Insurance policy loan value.

In his authoritative treatise, Judge Alan M. Ahart comments on the remedy as follows:

"An assignment order is initially more expensive than an execution levy, but may be less expensive in the long run because it reaches all future payments (so long as the judgment is enforceable). A garnishment levy only reaches property then in the third person's possession, or funds then owed to the judgment debtor by the third person. Thus, many successive levies (e.g., monthly) would be required to reach a stream of payments made under a contract (e.g., a promissory note). Obtaining an assignment order also avoids the necessity of timing a garnishment levy for a specific day.

All or part of a right to payment due, or to become due, may be ordered assigned whether or not such right is conditioned upon future developments. [Ca Civ Pro §708.510(a)]

This includes, but is not limited to:

• Wages due from the federal government that are not subject to an earnings withholding order (see below);

• Rents;

• Commissions and royalties;

• Payments due from a patent or copyright;

- Nonexempt insurance policy loan value;

- Accounts receivable;

- General intangibles;

- Judgments; and

- Instruments.

...

A judgment debtor's right to receive future commissions or royalties may also be assigned to the judgment creditor. Royalties and commissions are subject to execution; but an assignment order may be more effective because only the amount owing at any given point in time can be reached by a garnishment levy.

(Ahart, <u>California Practice Guide: Enforcing Judgments and Debts</u> (TRG 2005) "Special Enforcement Procedures", ¶¶6:1423 to 6:1432.)[1]

---

[1] The right to the payment of money includes a deposit account maintained at a financial institution or other depository. In the case of <u>In re Bernard</u> (9th Cir. 1996) 96 F.3d 1279, the Ninth Circuit noted: "As between the bank and the depositor such money becomes the property of the bank and the bank becomes the debtor of the depositor for the amount deposited." <u>Chang v. Redding Bank of Commerce</u>, 29 Cal.App.4th 673, 681 (Cal.App. 1994) (citation omitted); <u>Crocker-Citizens Nat. Bank v. Control Metals Corp.</u>, 566 F.2d 631, 637 (9th Cir. 1977) ("It is a well-settled principle of California law that the relationship between a bank and its depositor is one of debtor and creditor. Therefore, when funds are deposited, title to those funds passes immediately to the bank.") (citations omitted); <u>see also Barnhill v. Johnson</u>, 503 U.S. 393, 398 (1992) ("A person with an account at a bank enjoys a claim against the bank for funds in an amount equal to the account balance.")." (<u>In re Bernard</u> (9th Cir. 1996) 96 F.3d 1279, 1282-1283.)
MOTION FOR ASSIGNMENT ORDER
4

1    An assignment order may also be used to reach assignable property located outside
2    California even though the property right sought to be assigned is not subject to levy under
3    a writ of execution. (Ahart, California Practice Guide: Enforcing Judgments and Debts
4    (TRG 2005) "Special Enforcement Procedures", ¶6:1435.) The judgment debtor and/or third
5    person may be ordered to deliver or pay over the property directly to the judgment creditor
6    or to a receiver, or to assign rights to payment to the judgment creditor. (Id.) Failure to obey
7    an assignment order supports a finding of contempt against the judgment debtor and obligor.
8    (California Code of Civil Procedure §1209(a)(5); Ahart, California Practice Guide: Enforcing
9    Judgments and Debts (TRG 2005) "Special Enforcement Procedures", ¶6:1435.) Assignment
10   orders can be used as an optional procedure for reaching assignable property that is subject
11   to levy, e.g., accounts receivable, general intangibles, judgments and instruments. (See
12   Legislative Comment to Code of Civil Procedure §708.510.) Construing all the applicable
13   statutes together, it seems clear that the "assignment order" contemplated by California Code
14   of Civil Procedure §708.510 et seq. includes a court order that assigns a right to payment
15   outright, and not simply an order directing the judgment debtor to do so. (Ahart, California
16   Practice Guide: Enforcing Judgments and Debts (TRG 2005) "Special Enforcement
17   Procedures", ¶6:1422.6.)

19   Rights to payment of money due or to become due, including, without limitation,
20   accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees,
21   commissions, and other rights to money, through the use of California State Bar License No.
22   73786 exist in favor of Judgment Debtor Patrick T. Hall. An assignment order should issue.

24           (2)    Monies Generated Through A License Issued By The State Of
25                  California May Be The Subject Of A Valid And Enforceable Assignment.
26   ///
27   ///
28   ///

Recall that anything which may properly be the subject of a valid and enforceable contract for assignment may be the subject of an assignment order under California <u>Code of Civil Procedure</u> §708.510 et seq. (<u>See</u> California Law Revision Commission Comment to <u>Code of Civil Procedure</u> §708.510.) The fact that the right to future payment which is the subject of this proceeding is generated through a license issued by the State of California does not prohibit assignment of the right to future payment. <u>Fitch v. Pacific Fid. Life Ins. Co.</u> (1975) 54 Cal.App.3d 140 is instructive in this regard:

> On June 2, 1969, appellant, who had been a licensed insurance agent for approximately 15 years, entered into certain written agreements with respondents. Pursuant to these agreements, appellant was to be given the opportunity to sell to the public Pacific's insurance policies and Pacific agreed to and did later advance to appellant a draw against his commissions. Appellant was to begin his sales efforts in a training period of unspecified duration during which time he would receive no commissions. If appellant's training period was successful, he and the respondents would execute an "agent's agreement" after which time appellant would receive commissions from his sales of policies.
>
> Silberman, Pacific's "general agent," agreed to and did advance to appellant $11,000 for promotional expenses incurred by appellant in his sales solicitations. To insure repayment of these advances, appellant on the aforementioned June 2, 1969, assigned to respondent Silberman all commissions from policies to be sold by appellant which would accrue after his termination -- should it occur -- as a salesman for respondents. On

September 24, 1969, with his training period successfully completed, appellant and respondents signed the "agent's agreement."

The trial court specifically found that appellant read, understood and signed all of the documents referred to above. It further stated that these arrangements were consistent with appellant's and respondent Silberman's experience in the insurance industry.

On April 12, 1973, respondents duly notified appellant that he was terminated as their salesman. Subsequent to this date and pursuant to the termination assignment agreement, Pacific paid Silberman $6,964.72 from appellant's commissions accruing after his termination. Pacific retained another $2,756.11 from these commissions which the trial court ordered paid to Silberman.

Appellant first asserts that the agreement is unenforceable according to traditional principles of contract law. None of these arguments need long detain us. Our statement of facts clearly sets out respondents' basic consideration for the assignment: the opportunity for appellant to sell Pacific insurance policies and the provision of certain expenses. The fact that appellant was asked on June 2, 1969, to assign to Silberman commissions which he had not yet earned in no way rendered the operation of the assignment uncertain. Pacific's claimed alteration of the termination assignment agreement was merely the accurate completion of the document by inserting the date on which

> appellant became an "agent" of respondents and began to earn commissions which were possibly subject to assignment. Thus the agreement, in traditional contract analysis, was valid and enforceable.

(Fitch v. Pacific Fid. Life Ins. Co. (1975) 54 Cal.App.3d 140, 3-145.)

Here, Defendant/Judgment Debtor Thornton Davidson individually and dba Thornton Davidson & Associates may have an interest in accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, and other rights to money derived through the use of a license issued by the California State Bar. Accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, and other rights to money are assignable. (California Code of Civil Procedure §708.510; Durkin v. Durkin (1955) 133 Cal.App.2d 283, 291.) An assignment order should issue.

(B) **CORPORATIONS AS WELL AS SELF-EMPLOYED JUDGMENT DEBTORS WITH RESPECT TO EARNINGS ARE NOT ENTITLED TO THE PROTECTION OF THE EXEMPTION PROCEDURE.**

The exemptions found in the Enforcement of Judgments Law, California Code of Civil Procedure §680.010 et seq., may be claimed only by natural person judgment debtors, i.e., not by partnerships, corporations or other entities. (California Code of Civil Procedure §§695.010(a) and 703.020(a) ["The exemptions provided by this chapter apply only to property of a natural person."][2]; but see Fisch, Spiegler, Ginsburg & Ladner v. Appel (1992) 10 Cal.App.4th 1810, 1811 [Trustees of revocable living trust entitled to claim declared homestead exemption.].) The earnings of a self-employed judgment debtor are not subject

---

[2]There are no exemptions which apply to assets of a corporation. (Canal-Randolph Anaheim, Inc. v. Wilkoski (1980) 103 Cal.App.3d 282.)

to exemption under the Wage Garnishment Law. (<u>Moses v. DeVersecy</u> (1984) 157 Cal.App.3d 1071, 1073-1074.) Thus, where the judgment debtor is self-employed, and not an "employee" subject to a wage garnishment, there is no exemption available for earnings.[3]

3.  CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court enter an order assigning to Judgment Creditor Assuranceforeningen Skuld the interest, if any, of Judgment Debtor Patrick T. Hall in his rights to payment of money due or to become due generated through the use of California State Bar License No. 73786, including, without limitation, accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, and other rights to money, to the extent necessary to satisfy the judgment in full which, as of January 8, 2008, will be $31,748.00.

DATED: November 13, 2007         AIRES LAW FIRM

                                 By: _____
                                    Timothy Carl Aires, Esq.
                                    Attorney for Judgment Creditor,
                                    ASSURANCEFORENINGEN SKULD

---

[3] Exemptions are creatures of statute — No property is exempt from enforcement unless specifically made so by law; and courts may not increase the statutory exemptions. (<u>Estate of Brown</u> (1899) 123 Cal. 399, 401; <u>Estate of Silverman</u> (1967) 249 Cal.App.2d 180, 183.) Moreover, there is no general exemption based upon the need of the judgment debtor and their dependents. (California <u>Code of Civil Procedure</u> §§703.115 [basis for determination], 704.020 [household furnishings], 704.050 [health aids], 704.100(c) [matured life insurance policies], and 706.051(b) [wages].)

---
MOTION FOR ASSIGNMENT ORDER
9

## DECLARATION OF TIMOTHY CARL AIRES

I, TIMOTHY CARL AIRES, hereby declare and state as follows:

1.  The following facts are of my own personal, first-hand knowledge, and if called and sworn to testify thereto, I could and would competently do so.

2.  I am an attorney at law duly licensed to practice before all courts of the State of California, as well as this Court, and am a member of the law firm of Aires Law Firm, counsel of record to Judgment Creditor Assuranceforeningen Skuld.

3.  On June 2, 2005, an order for the payment of money was entered against Judgment Debtor Patrick T. Hall in favor of Judgment Creditor Assuranceforeningen Skuld in the amount of $28,555.00 by the United States District Court, Western District of Kentucky, a true and correct copy of which is attached hereto as Exhibit "A" (the "Judgment"). Post-judgment interest of $3,154.00 will accrue from June 2, 2005 through January 8, 2008 [950 days] based on the daily rate of $2.60 per day using the legal rate of 3.32% per annum. Costs of enforcement of $39.00 have been incurred. As of January 8, 2008, the amount necessary to satisfy the Judgment will be $31,748.00. The Judgment is final and enforcement thereof is not stayed. No effort has been made to satisfy the Judgment by Judgment Debtor Patrick T. Hall.

4.  One of my duties and responsibilities is to investigate factual background and due diligence information on persons, firms and entities involved in, or potentially involved in, litigation with my clients. In the course of performing this task, I regularly obtain information from the internet. On November 13, 2007, I accessed www.calbar.ca.gov, the

///
///

---
MOTION FOR ASSIGNMENT ORDER
1

1  website maintained by the California State Bar which maintains a record for Judgment
2  Debtor Patrick T. Hall under License No. 73786, a true and correct copy of which is attached
3  hereto as Exhibit "B".

5.  Rights to payment of money due or to become due generated through the use of California State Bar License No. 73786 exist in favor of Judgment Debtor Patrick T. Hall, including, without limitation, accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, and other rights to money. An assignment order should issue. As such, an assignment order should issue.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on this 13th day of November, 2007 at Newport Beach, California.

_____
TIMOTHY CARL AIRES

---

MOTION FOR ASSIGNMENT ORDER

2

AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

TRANSPORTATION MANAGEMENT AND
CONSULTING, INC., ET AL
V.
BLACK CRYSTAL COMPANY, INC., ET AL

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number:   3:04-MC-14-H

I, _____JEFFREY A. APPERSON_____ Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action   JUNE 2, 2005   , as it
                                                                                                                                                                 Date
appears in the records of this court, and that

\* no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rule of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF**, I sign my name and affix the seal of this Court.

JUN 1 5 2006
_____
      Date

JEFFREY A. APPERSON
_____
Clerk

/s/ J. Cooper
_____
(By) Deputy Clerk

---

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

EXHIBIT A

CERTIFIED
U. S. DISTRICT COURT
LOUISVILLE, KY
DATE: 06/5/2006
BY: /s/
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04MC-14-H

TRANSPORTATION MANAGEMENT AND
CONSULTING, INC., et al.                                          PLAINTIFFS

V.

BLACK CRYSTAL COMPANY, INC., et al.                               DEFENDANTS

### ORDER

The Court has already determined that the conduct of Black Crystal and Patrick T. Hall amounts to bad faith sanctionable by this Court. Plaintiffs have now filed evidence of their attorneys' fees and costs to which Defendants have not responded. The Court finds that the hourly rates and the amount of work performed are reasonable. Plaintiffs are entitled to the full amount.

The Court having been sufficiently advised,

IT IS HEREBY ORDERED that the motion for attorneys' fees is SUSTAINED. Judgment is hereby entered in the amount of $28,555 in favor of Assuranceforeningen Skuld and against Defendant, Black Crystal Company, Inc., and its attorney, Patrick T. Hall, jointly and severally.

EXHIBIT A

June 2, 2005

John G. Heyburn II
Chief Judge, U.S. District Court

cc:     Counsel of Record

EXHIBIT A



# THE STATE BAR OF CALIFORNIA

Tuesday, November 13, 2007                                           State Bar Home

Home > Attorney Search > Attorney Profile

## ATTORNEY SEARCH

## Patrick Talbot Hall - #73786

### Current Status: Active

This member is active and may practice law in California.

See below for more details.

### Profile Information

| | | | |
|---|---|---|---|
| **Bar Number** | 73786 | | |
| **Address** | 1005 Terra Nova Blvd #5 Pacifica, CA 94044 | **Phone Number** | (650) 359-2996 |
| | | **Fax Number** | Not Available |
| | | **e-mail** | Not Available |
| **District** | District 3 | **Undergraduate School** | Santa Clara Univ; Santa Clara CA |
| **County** | San Mateo | **Law School** | UC Hastings COL; San Francisco CA |
| **Sections** | None | | |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 8/8/1989 | Active |
| 7/24/1989 | Not Eligible To Practice Law |
| 8/3/1988 | Active |
| 7/25/1988 | Not Eligible To Practice Law |
| 4/7/1977 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| **Disciplinary and Related Actions** | | | |
| This member has no public record of discipline. | | | |
| **Administrative Actions** | | | |
| 7/24/1989 | Suspended, failed to pay Bar membr. fees | | Not Eligible To Practice Law |
| 7/25/1988 | Suspended, failed to pay Bar membr. fees | | Not Eligible To Practice Law |

EXHIBIT B



EXHIBIT B

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Timothy Carl Aires, am employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 180 Newport Center Drive, Suite 260, Newport Beach, California 92660.

On November 13, 2007, I served the document entitled: *Notice of Motion and Motion of Judgment Creditor Assuranceforeningen Skuld for Assignment Order Re: Rights to Payment of Money Due or to Become Due; Memorandum of Points and Authorities; Declaration of Timothy Carl Aires* on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Patrick T. Hall
1005 Terra Nova Boulevard, Unit 5
Pacifica, CA 94044

Patrick T. Hall
1112 Balboa Way
Pacifica, CA 94044

(check applicable paragraphs)
__X__   (BY MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and the fact that correspondence would be deposited with the U.S. Postal Service that same day in the ordinary course of business; On this date, the above-named correspondence was placed for deposit at Newport Beach, CA and placed for collection and mailing following ordinary business practices.

__   (BY PERSONAL SERVICE) I caused such document to be served by hand on the addressee.

__   (BY EXPRESS SERVICE) I caused such document to be deposited in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

__   (State)   I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__   (Federal)   I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 13, 2007   _____
                                 Signature of Declarant

---

MOTION FOR ASSIGNMENT ORDER

1