1  Timothy Carl Aires, Esq. (138169)
   AIRES LAW FIRM
2  180 Newport Center Drive, Suite 260
   Newport Beach, California  92660
3  (949) 718-2020
   (949) 718-2021 FAX
4
   Attorneys for Judgment Creditor,
5  ASSURANCEFORENINGEN SKULD

6

7                   UNITED STATES DISTRICT COURT

8       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

9

10 TRANSPORTATION MANAGEMENT          ) Case No. CV-07-80256-MISC-MJJ
   AND CONSULTING INC., ET AL,        )
11                                    ) REPLY IN SUPPORT OF MOTION OF
            Plaintiff,                ) JUDGMENT CREDITOR
12                                    ) ASSURANCEFORENINGEN SKULD
   v.                                 ) FOR ASSIGNMENT ORDER RE:
13                                    ) RIGHTS TO PAYMENT OF MONEY
   BLACK CRYSTAL COMPANY INC., ET     ) DUE OR TO BECOME DUE
14 AL,                                )
                                      ) [F.R.C.P., Rule 69; C.C.P. §708.510]
15          Defendants.               )
                                      ) DATE:   January 10, 2008
16 _____) TIME:   10:00 a.m.
                                        CTRM:   B, 15th Floor
17

18        Judgment Creditor Assuranceforeningen Skuld, by and through its counsel of record,

19 hereby submits its reply in support of motion for assignment order re: rights to payment of

20 money due or to become due, as follows:

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

---

REPLY RE: MOTION FOR ASSIGNMENT ORDER

1

REPLY MEMORANDUM

1. <u>SELF-EMPLOYED JUDGMENT DEBTORS ARE NOT ENTITLED TO THE PROTECTION OF THE WAGE GARNISHMENT EXEMPTION</u>.

As noted in <u>Moses v. DeVersecy</u> (1984) 157 Cal.App.3d 1071, 1073-1074:

> <u>Code of Civil Procedure</u> section 706.020 exempts the earnings of an employee from the payment of a debt incurred as the result of an adverse judgment. ***Code of Civil Procedure section 706.011, subdivisions (a) and (b) define "[e]arnings" and "[e]mployee" as follows: "(a) 'Earnings' means compensation payable by an employer to an employee for personal services performed by such employee, whether denominated as wages, salary, commission, bonus, or otherwise. [¶] (b) 'Employee' means a public officer and any individual who performs services subject to the right of the employer to control both what shall be done and how it shall be done."***
>
> Defendants contend that the earnings of a self-employed certified public accountant fall within the definition of <u>Code of Civil Procedure</u> section 706.011 because Mr. DeVersecy's clients can control his work. Defendants cite <u>Gamble v. Utley</u> (1927) 86 Cal.App. 414 [260 P. 930], for the proposition that an attorney's earnings fall within the exemption of <u>Code of Civil Procedure</u> section 706.011. Gamble dealt with the garnishment of a district attorney's wages. A district attorney is employed by the county and this relationship is quite different from a

self-employed certified public accountant. ***A self-employed certified public accountant is not subject to the control of his clients in what work could be done or how the work should be done.***

(Moses v. DeVersecy (1984) 157 Cal.App.3d 1071, 1073-1074.)

The judgment debtor is self-employed, not an employee subject to a wage garnishment. There is no exemption available for the earnings of the self-employed.[1] The claim of exemption must, therefore, be denied.

2. THE FINANCIAL STATEMENT IS INCOMPLETE

The exemption claimant bears the burden of proof at the hearing on the claim of exemption. (Code of Civil Procedure §703.580(b).)

There is no precise definition of what is "necessary" for the support of a judgment debtor or his or her family. "Necessary" expenses normally include housing costs, food, insurance, automobile costs, etc. However, the court must consider the circumstances surrounding each individual case – what is "necessary" in some circumstances may be a luxury in others. (See J.J. MacIntyre Co. v. Duren (1981) 118 Cal.App.3d Supp. 16, 18 (decided under former Code of Civil Procedure §723.051); and Diamond v. Bent (1957) 157 Cal.App.2d Supp. 857, 859 (decided under former law).].)

---

[1] Exemptions are creatures of statute — No property is exempt from enforcement unless specifically made so by law; and courts may not increase the statutory exemptions. (Estate of Brown (1899) 123 Cal. 399, 401; Estate of Silverman (1967) 249 Cal.App.2d 180, 183.) Moreover, there is no general exemption based upon the need of the judgment debtor and their dependents. (Code of Civil Procedure §§703.115 [basis for determination], 704.020 [household furnishings], 704.050 [health aids], 704.100(c) [matured life insurance policies], and 706.051(b) [wages].)

The court must also take into account all income available to the debtor and family, including the spouse's separate earnings (even if not subject to enforcement of the judgment). (Code of Civil Procedure §703.115.) A financial statement from the spouse is essential to determine the true income and expenses of the household. (Code of Civil Procedure §§703.530(b) and (c), 706.124.) The judgment debtor's assets are not disclosed. The financial statement is incomplete. The claim of exemption must, therefore, be denied.

3. CONCLUSION

For the foregoing reasons, as well as those stated in the moving papers, it is respectfully submitted that the claim of exemption must be denied in its entirety.

DATED: December 26, 2007          AIRES LAW FIRM

By: _____
Timothy Carl Aires, Esq.
Attorney for Judgment Creditor,
ASSURANCEFORENINGEN SKULD

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Timothy Carl Aires, am employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 180 Newport Center Drive, Suite 260, Newport Beach, California 92660.

On December 26, 2007, I served the document entitled: *Reply in Support of Motion of Judgment Creditor Assuranceforeningen Skuld for Assignment Order Re: Rights to Payment of Money Due or to Become Due* on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

Patrick T. Hall
1005 Terra Nova Boulevard, Unit 5
Pacifica, CA 94044

Patrick T. Hall
1112 Balboa Way
Pacifica, CA 94044

(check applicable paragraphs)

X  (BY MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and the fact that correspondence would be deposited with the U.S. Postal Service that same day in the ordinary course of business; On this date, the above-named correspondence was placed for deposit at Newport Beach, CA and placed for collection and mailing following ordinary business practices.

__  (BY PERSONAL SERVICE) I caused such document to be served by hand on the addressee.

__  (BY EXPRESS SERVICE) I caused such document to be deposited in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served.

__  (State)   I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X  (Federal)  I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 26, 2007   _____
                                Signature of Declarant

---

REPLY RE: MOTION FOR ASSIGNMENT ORDER

1