IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSPORTATION MANAGEMENT & CONSULTING, INC., et al., | No. C 07-80256 MISC-MJJ (MEJ) |
| Plaintiff(s), | **ORDER GRANTING MOTION FOR ASSIGNMENT ORDER** |
| vs. | |
| BLACK CRYSTAL COMPANY, INC., et al., | |
| Defendant(s). | |

## INTRODUCTION

Before the Court is Judgment Creditor Assuranceforeningen Skuld's ("Skuld") Motion for Assignment Order against Judgment Debtor Patrick T. Hall. After consideration of Skuld's moving papers and Hall's opposition thereto, oral arguments at the January 10, 2008 hearing, relevant legal authority, and good cause appearing, the Court GRANTS Skuld's motion for the reasons set forth below.

## BACKGROUND

On June 2, 2005, the United States District Court, Western District of Kentucky, entered a Judgment in the amount of $28,555.00 in favor of Skuld and against Defendant Black Crystal Company, Inc., and its attorney, Patrick T. Hall, jointly and severally. Skuld brings the present motion in this district solely against Hall, seeking payment through the use of Hall's California State Bar License No. 73786. In addition to the judgment amount, Skuld seeks post-judgment interest using the legal rate of 3.32% per annum.

On December 20, 2007, Hall filed an opposition to Skuld's motion. As part of his opposition, Hall included a declaration in which he attests that his monthly expenses total $4,186.00.

On January 10, 2008, the Court held a hearing on the matter. At the hearing, the Court sought further information regarding Hall's monthly expenses and income, and requested information regarding his wife's income. While Hall stated that his wife worked as a real estate agent, he was unable to provide any specific income amount. Accordingly, the Court permitted Hall one week to file further briefing on these issues. Although permitted this opportunity, Hall filed no further briefing.

## LEGAL STANDARD

A final judgment for the recovery of money entered by a federal district court outside of California may be enforced in California by registering it in a federal district in California. 28 U.S.C. § 1963. Under the statute, a judgment may be registered by filing a certified copy of the judgment in the California district when the judgment has become final by appeal or expiration of the time for appeal. *Id.* "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.*

A district court has authority to enforce a money judgment in accordance with the practice and procedure of the state in which it sits. Fed. R. Civ. P. 69(a); *Duchek v. Jacobi*, 646 F.2d 415, 416 (9th Cir. 1981). Under California law, all property of the judgment debtor is subject to enforcement of a money judgment. Cal. Code Civ. Proc. § 708.510(a). This includes the debtor's right to payments due or to become due, whether or not such right is conditioned upon future developments. *Id*. The Court has broad discretion in determining whether to order an assignment, and may consider all relevant factors, including: "(1) [t]he reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor; (2) [p]ayments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support; (3) [t]he amount remaining due on the money judgment; and (4) [t]he amount being or to be received in satisfaction of the right to payment that may be assigned." Cal. Code Civ. Proc. § 708.510(c).

2

**APPLICATION TO THE CASE AT BAR**

Here, the Court may enforce Skuld's judgment from the Western District of Kentucky because Skuld properly registered a certified copy in this district on November 7, 2007. (Doc. #1.) In considering the factors in California Civil Procedure ("CCP") section 708.510(c), the Court finds an assignment order appropriate in this instance.

As to the first factor, the Court recognizes that Hall may claim an exemption for earnings from his California State Bar number which he proves are necessary for his support or the support of his family. Cal. Code Civ. Proc. § 706.051(b). Hall has presented a declaration attesting that his monthly expenses total $4,186.00. However, he failed to provide any information regarding his total monthly income, leaving the Court with no indication that he is unable, despite his monthly expenses, to satisfy the judgment. *See* Cal. Code Civ. Proc. § 703.580(b) ("the exemption claimant has the burden of proof"). Further, although Hall included a $700.00 monthly expense for his wife's medical insurance, he failed to state whether his wife has any income. When questioned at the January 10 hearing, Hall stated that his wife is a real estate agent, but provided no specific information regarding her income. And, despite the Court giving him the opportunity to submit further briefing on this issue, Hall failed to comply. Thus, the Court shall make its exemption determination based on the limited declaration in Hall's opposition and his testimony at the January 10 hearing.

While the Court finds it appropriate to exempt his monthly family support expenses, Hall cannot claim $700.00 for his wife's medical insurance because he stated that his wife has income, and he failed to show that she is unable to pay the insurance costs on her own. Accordingly, Hall may claim $3,486.00 in monthly expenses. Given his failure to provide his and his spouse's income, the Court is also inclined to split the remaining expenses in half. However, the Court shall err on the side of caution and not engage in guessing games.

In his opposition, Hall argues that any earnings from his work as a solo practitioner are exempt under CCP § 487.010, which provides that "earnings" are exempt from attachment. CCP further defines "earnings" as "compensation payable by an employer to an employee for personal

3

services performed by such employee, whether denominated as wages, salary, commission, bonus or otherwise." Cal. Code Civ Proc. § 706.011(a). "Employee means a public officer and any individual who performs services subject to the right of the employer to control both what shall be done and how it shall be done." *Id.* § 706.011(c). As a solo practitioner, Hall meets neither of these definitions. In *Moses v. DeVersecy*, 157 Cal. App. 3d 1071 (1984), the defendant argued that, as a self-employed accountant, his earnings fell under the exemption because his clients could control his work. *Id.* at 1074. The court, however, found that the exemption did not apply because "a self-employed certified public accountant is not subject to the control of his clients in what work could be done or how the work should be done." *Id.* The Court finds the same result here where, as a solo practitioner, Hall is not subject to the control of his clients.

In support of his exemption argument, Hall cites to *Gamble v. Utley*, 86 Cal. App. 414 (1927), in which the court found that a district attorney's wages fell within the exemption. However, the Court in *Moses* addressed this very argument: "A district attorney is employed by the county and this relationship is quite different from a self-employed certified public accountant." *Moses*, 157 Cal. App. 3d at 1074. Thus, the present case is distinguishable from *Gamble* because Hall is a solo practitioner, and not an attorney employed by the government. Accordingly, Hall is not entitled to the exemption.

As to the second factor, Hall has not presented evidence that he is required to make payments in satisfaction of other judgments. Finally, as to the third and fourth factors, Skuld states in its motion that Hall has made no effort to satisfy the Judgment, and Skuld confirmed at the January 10 hearing that Defendant Black Crystal Company has also made no effort to satisfy the Judgment. Accordingly, these factors all weigh in favor of an assignment order.

## CONCLUSION

Based on this analysis, the Court GRANTS Skuld's motion for an assignment order. The Court hereby ASSIGNS to Judgment Creditor Assranceforeningen Skuld the interest, if any, of Judgment Debtor Patrick T. Hall in his rights to payment of money due or to become due generated through the use of California State Bar License No. 73786, including, without limitation, accounts

4

receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, and other rights to money, to the extent necessary to satisfy the judgment in full, including accrued interest using the legal rate of 3.32% per annum.  Payments of all earnings received shall be made on a monthly basis, from which Hall may exclude up to $3,486.00.  To ensure compliance with this Order, Hall shall also provide monthly earnings statements to Skuld.  Monthly statements and payments shall be made to:

>Aires Law Trust Account
>fbo Assuranceforeningen Skuld
>180 Newport Center Dr, Suite 260
>Newport Beach, California 92660

**IT IS SO ORDERED.**

Dated: January 24, 2008

MARIA-ELENA JAMES
United States Magistrate Judge

5